Morris E. Spectob, J.
This motion is to: (a) modify the existing separation decree, (b) amend said decree by retaining exclusive jurisdiction for its enforcement and/or modification in this court, and (c) restrain plaintiff from proceeding in any other court with reference to enforcement or modification.
A separation agreement was entered into in December, 1960, whereby defendant was to pay certain sum for the support of his infant sons and visitation rights were spelled out.
• Defendant complied until May, 1962, when he became unemployed and claims to have exhausted his resources. Defendant does not deny that he is in default. However, under said separation agreement if there be a default, parties could proceed to arbitration which they did and the decision is now awaited. Plaintiff made a motion to dismiss the arbitration proceeding and moved to enter judgment for the arrearage. This motion was granted to the extent of referring the motion to an Official Referee of this court u to determine the financial status of both parties and report recommendations to the court ”. A hearing was scheduled before Seymour Bibber, Esq., Special Referee, for May 28, 1963. Ten days prior thereto, each party was to submit affidavits relative to their finances. Defendant complied and five days prior to said hearing he was informed that plaintiff had abandoned her motion and no hearings were held.
Plaintiff subsequently moved in the Family Court for enforcement of the Supreme Court decree. A hearing was held in said Family Court before Torres, J., who dismissed the petition upon the ground that similar proceedings were pending in Supreme Court; and another proceeding was started in said Family Court and heard by Dyer, J., on June 27, 1963, and an order was issued directing defendant to pay the same amount of support as stipulated in afore-mentioned separation decree.
Defendant claims that he was denied the opportunity to cross-examine or to offer evidence unless he would agree to waive his *143 rights in the Supreme Court action which he refused to do. The notice of order of support entered by said Family Court “ directs petitioner’s application under Section 461-b to enforce. The court advised the respondent as to his rights to apply affirmatively under Section 461-b for downward modification. Respondent refused to make application for modification”.
It thus appears that the plaintiff has initiated three proceedings for the enforcement of the separation agreement.
1. Before an arbitrator, which action she attempted to abandon.
2. Motion for entry of judgment for arrearage, which was sent to a Special Referee for which a hearing was scheduled and then said motion was abandoned, and
3. Proceedings to enforce in Family Court, while hearing on this order to show cause for restraining said proceedings was pending in this court.
Under section 466 of the Family Court Act, effective September 1, 1962: (a) The Supreme Court may provide in an order granting support in an action for divorce, separation or annulment that only the Family Court may entertain an application to enforce or modify; (b) the Supreme Court may provide in an order granting support that the order may be enforced or modified only in the Supreme Court; (c) if the Supreme Court enters an order granting support and if the Supreme Court does not exercise the authority given under paragraphs (a) or (b) of this section, the Family Court may: (i) entertain an application to enforce the order or decree; or (ii) entertain an application to modify the order.
The separation decree of this court was entered November 2, 1960, and amended on January 20, 1961, long before the Family Court Act was enacted and became effective. Therefore, lapse of specification by the Supreme Court cannot be considered as granting jurisdiction under paragraph (c).
The plaintiff sought aid of the Supreme Court on two occasions, the arbitration and motion for judgment for arrears which was referred to Hon. Seymour Bibber. Both these hearings were initiated after the enactment of the Family Court Act. This is a clear indication that plaintiff desired and elected the Supreme Court as the forum for enforcing said decree. One cannot go shopping around for other forums after being satisfied that the forum selected may render a judgment unsatisfactory. Plaintiff must get permission of this court before going into the Family Court.
The action of the Justice in the Family Court was a bit precipitous in assuming jurisdiction, having been informed of the *144 action of his colleague and of the pending litigation in the Supreme Court.
This motion is granted to the extent of again referring this matter to a Special Referee at a time and place to he provided in the order to be settled hereon, to hear and report with his recommendations upon the financial status of the parties; and for the sake of clarity, the decree is amended to retain exclusive jurisdiction for its enforcement and/or modification.